1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATELYN J GRIFFIN,

                              Plaintiff,

        v.

ALLSTATE INSURANCE COMPANY,

                              Defendant.

CASE NO. 20-5540 RJB

ORDER DENYING DEFENDANT'S
MOTION TO BIFURCATE AND
STAY

        THIS MATTER comes before the Court on Defendant Allstate Insurance Company's

("Allstate") Motion to Bifurcate and Stay.  Dkt. 10.  The Court has considered the pleadings filed

regarding the motion and the remaining record.

## I.      FACTS

        This insurance dispute arises from a car accident in which the Plaintiff was injured by an

underinsured motorist, Peightyn Perrien.  Dkt. 1.  According to the Complaint, the Plaintiff

settled her third party claims against Ms. Perrien for $80,000 of Ms. Perrien's $100,000 policy

limits.  *Id.*  The Plaintiff then made claims pursuant to the policy with Allstate for underinsured

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY - 1

motorists benefits, which Allstate denied.  *Id.*  The Plaintiff makes claims for specific

performance of the contract, breach of contract, violations of Washington's Consumer Protection

Act, RCW  19.86, *et. seq*. ("CPA"), bad faith, negligence, violations of Washington's Insurance

Fair Conduct Act, RCW 48.30, *et. seq*. ("IFCA"), and breach of fiduciary duty.  *Id.*

      Allstate now moves to bifurcate the contract related claims (for specific performance and

breach of contract) from the remaining bad faith/tort claims; it moves to stay those bad faith/tort

claims until after a trial can be held on the contract related claims.  Dkt. 12.  The Plaintiff

opposes the motion.  Dkt. 15.  Allstate filed a reply (Dkt. 17) and the motion is ripe for review.

## II.   **DISCUSSION**

Federal Rule of Civil Procedure 42(b) provides, in part:

> **Separate Trials.** For convenience, to avoid prejudice, or to
> expedite and economize, the court may order a separate trial of one
> or more separate issues, claims, crossclaims, counterclaims, or
> third-party claims. When ordering a separate trial, the court must
> preserve any federal right to a jury trial.

A court's decision on bifurcation is committed to its discretion. *Danjaq LLC v. Sony*

*Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Separate trials are the exception, not the rule, and the

Court will not bifurcate without good reason. "In deciding a motion for bifurcation pursuant to

Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience,

prejudice, judicial economy and whether the issues are clearly separable." *McCoy v. Liberty Mut.*

*Fire Ins. Co.,* C09-5464BHS, 2009 WL 5215760, at *4 (W.D. Wash. Dec. 29, 2009) (citing

Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial 16:160.4 (1999); *Hirst v.*

*Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)). "Bifurcation is particularly appropriate when

resolution of a single claim or issue could be dispositive of the entire case." *Drennan v.*

*Maryland Cas. Co*., 366 F.Supp.2d 1002, 1007 (D. Nev.2005) (citing *O'Malley v. United States*

1    *Fidelity and Guaranty Co.,* 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith

2    claim would not have been possible unless O'Malley prevailed on his coverage claim, the district

3    court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.")).

4    Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend

5    to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th

6    Cir.1989) (*citation and quotation marks omitted*).

7           Allstate's motion to bifurcate the contract based claims from the bad faith/tort claims

8    (Dkt. 10) should be denied.  Allstate argues that the types of claims are entirely separate and the

9    contract based claims will determine the outcome of the bad faith/tort claims.  Dkt. 10.

10          On the contrary, Plaintiff's claims are not all dependent on the outcome of the contract

11   based claims.  Plaintiffs' IFCA claim is not necessarily dependent on proving improper denial of

12   benefits under the policy. *See Estate of Hoxsey v. Allstate Prop. & Cas. Ins. Co*., C15-2013-

13   RSM, 2016 WL 7724740, at *2 (W.D. Wash. May 31, 2016) ("Insurers can act in bad faith even

14   where they properly deny coverage or compensation to their insureds.") (citing *Coventry Assocs.*

15   *v. Am. States Ins. Co.*, 136 Wn.2d 269, 277-80 (1998) (reviewing examples of bad faith liability

16   despite proper claim denial)). Further, "an insured may maintain an action against its insurer for

17   bad faith investigation of the insured's claim and violation of the CPA regardless of whether the

18   insurer was ultimately correct in determining coverage did not exist." *Coventry Assocs.,* 136

19   Wn.2d at 279; *cf. Perez-Crisantos v. State Farm Fire & Cas. Co.,* 187 Wn.2d 669, 686 (2017)

20   (holding "that an IFCA claim cannot be predicated on a regulatory violation alone").

21          Allstate also contends that bifurcation will limit prejudice and promote the expedient

22   resolution of this litigation.  However, risk of prejudice or jury confusion can be cured with

23   effective jury instructions. *See Estate of Hoxsey*, C15-2013-RSM, 2016 WL 7724740, at *2.

24

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY - 3

Additionally, the Court anticipates that bifurcation would likely result in additional discovery issues and would, especially if a second trial on the bad faith/tort claims would be necessary, ultimately delay resolution of this case.

The Court concludes that bifurcation here is unnecessary and that its efficiencies, if any, are outweighed by the risks of generating additional discovery issues and delaying resolution of this case. Therefore, at this time, the Court should deny Allstate's motion to bifurcate.  Further, Allstate's motion to stay should be denied as moot.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Allstate Insurance Company's Motion to Bifurcate and Stay (Dkt. 10) **IS DENIED**, as to the motion to bifurcate, and **DENIED, as moot**, as to the motion to stay.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of September, 2020.

ROBERT J. BRYAN
United States District Judge